IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD M. HEYNE, Plaintiff, v. MITSUBISHI MOTORS NORTH AMERICA, Inc., MITSUBISHI MOTORS CORPORATION, (Parent Company), UNKNOWN INSURANCE COMPANY OF MITSUBISHI MOTORS NORTH AMERICA INC., and UNKNOWN INSURANCE COMPANY OF MITSUBISHI MOTOR CORPORATION, Defendants. | ) | 8:12CV421 **MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint in this matter on December 10, 2012. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against Mitsubishi Motors North America and Mitsubishi Motors Corporation (together, "Mitsubishi"), and two unknown insurance companies. (Filing No. 1.) Though unclear, it appears that Plaintiff alleges Mitsubishi is a Japanese corporation with its principal place of business in Cypress, California. (*See* list of addresses at Filing No. 1 at CM/ECF p. 1.) Plaintiff resides in Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that he was involved in a motor vehicle accident on December 7, 2008, in Omaha, Nebraska. Plaintiff sustained injuries because the air bag in his 2002 Mitsubishi Lancer failed to deploy. On the day of the accident, Plaintiff was treated, prescribed pain medication, and then released. He later received physical therapy. He now suffers from "various degrees of pain on a near constant basis." (*Id.* at CM/ECF p. 1.) As relief, he seeks $75,001.00 for general damages, and as compensation for his pain and suffering. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See* *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. General Rules of Pleading

Plaintiff's Complaint fails to comply with the general rules of pleading set forth in Federal Rule of Civil Procedure 8. Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555)).

Here, the court cannot determine with any certainty Plaintiff's basis for suing Defendants. Generally, he alleges only that the air bag in his 2002 Mitsubishi Lancer failed to deploy, and his Internet research has led him to believe that "airbag deployment failure" in Lancers is common. (Filing No. 1 at CM/ECF p. 3.) While it appears that this is a product liability action, this is unclear from the face of the Complaint. For example, if this is a product liability action, Plaintiff does not allege how the product was defective, or whether he alleges negligence or strict liability. *See Wedgewood v. U.S. Filter/Whittier, Inc.*, No. A-09-1280, 2011 WL 2150102, *7 (Neb. Ct. App. May 31, 20122) ("There is a significant distinction [under Nebraska law] between a manufacturer's liability as the result of negligent manufacture and its liability for the manufactured product on account of strict liability in tort.") On the court's own motion, the court will give Plaintiff 30 days in which to file an amended complaint that gives Defendants fair notice of what his claims against them are and the grounds upon which they rest.

### B. Amount in Controversy

The court is not convinced that it has subject-matter jurisdiction over this action. Plaintiff alleges subject-matter jurisdiction exists pursuant to 28 U.S.C.

§ 1332, commonly referred to as "diversity of citizenship" jurisdiction. Under § 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing § 1332(a)). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).

Here, Plaintiff's citizenship is different from that of each named Defendant, and Plaintiff alleges the amount in controversy is over $75,000.00. (Filing No. 1 at CM/ECF p. 5.) However, the court has doubts about whether the alleged amount in controversy is legitimate where Plaintiff was "treated and released" on the day of the accident and received some physical therapy. Thus, in accordance with *Trimble*, the court will require Plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate, and that the court has subject matter jurisdiction. *See Trimble*, 232 F.3d at 959-960. This matter will not proceed until Plaintiff does so.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until April 29, 2013, to file an amended complaint that gives Defendants fair notice of what his claims against them are and the grounds upon which they rest.

2. Plaintiff shall have until April 29, 2013, to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: April 29, 2013: deadline for Plaintiff to file amended complaint and show jurisdictional amount by preponderance of evidence.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

DATED this 28th day of March, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.