IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD M. HEYNE, | |
| Plaintiff, | 8:12-CV-421 |
| vs. | |
| MITSUBISHI MOTORS NORTH AMERICA, INC., et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation (filing 19) recommending that this case be dismissed, and the plaintiff's objection (filing 20) to those findings and recommendation. The Court will adopt the Magistrate Judge's findings and recommendation in part and dismiss the plaintiff's claims as to two defendants, but direct the Clerk of the Court to complete the necessary service forms as to the other two defendants, and provide the necessary documents to the United States Marshals for service.

PROCEDURAL HISTORY

The plaintiff's complaint was filed on December 10, 2012, against four defendants: Mitsubishi Motors North America, Inc., Mitsubishi Motors Corp., and two unidentified insurance companies. Filing 1 at 1. Generally described, the plaintiff alleged that he was injured because the airbag in his 2002 Mitsubishi Lancer failed to deploy in an automobile accident, and he pointed to a subsequent government recall of 2008-09 Lancer models because their airbag sensors were insufficiently corrosion-resistant.[1] Filing 1 at 2-3. On the same day, he filed a motion for leave to proceed in forma pauperis. Filing 2. On January 14, 2013, the Court provisionally granted leave to proceed in forma pauperis. Filing 5. On March 25, the plaintiff asked for summons to be issued. Filing 6; filing 7. But on March 28, the Court ordered the plaintiff to file an amended complaint, finding that his initial complaint failed to comply

---

[1] To be clear: the plaintiff's model vehicle was not the subject of a recall relating to airbag deployment, and the plaintiff does not allege that it was. *See 2002 Mitsubishi Lancer*, National Highway Traffic Safety Association, http://www-odi.nhtsa.dot.gov/owners/ SearchResultsByUrlCode.action?referenceSearch.requestId=30381&referenceSearch.urlCo de=MI721GLKB74JBZH (last visited July 17, 2014).

with Fed. R. Civ. P. 8 and that it was questionable whether the amount-in-controversy requirement for diversity jurisdiction was satisfied. Filing 8.

On April 29, 2013, the plaintiff timely filed an amended complaint and a "memorandum" setting forth facts in support of the amount in controversy. Filing 9; filing 9-1. On August 19, the Court entered a memorandum and order finding that the plaintiff had complied with its previous order and that the plaintiff's claims could proceed to service. Filing 11. The Court stated:

> To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of the court will provide. The Clerk of the court shall send FOUR summons forms and FOUR USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

Filing 11 at 1. On its own motion, the Court extended the time for perfecting service on the defendants until 120 days from the date of that order. Filing 11 at 2; see Fed. R. Civ. P. 4(m). But the plaintiff was "notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant." Filing 11 at 2. The Court's docket entry reflects that a copy of the order was e-mailed to the plaintiff and "summonses and forms sent via U.S. Mail." Filing 11.

The plaintiff did not meet that extended deadline. In fact, nothing of substance appears on the docket for several months. So, on January 8, 2014, the Magistrate Judge *sua sponte* gave the plaintiff another 30 days to complete service, again cautioning him that he faced the dismissal of his case for want of prosecution. Filing 13.

On February 7, 2014, the plaintiff moved for another extension of time to serve summons. Filing 14. He said that he had not received the forms that were to have been sent to him the previous August. Filing 14. And he claimed that he had been unable to log in (presumably to CM/ECF) to file a request for an extension or notify the Court that he had not received the forms. Filing 14. The Magistrate Judge granted the plaintiff's motion, extending the service deadline for another 45 days. Filing 16. The Clerk of the Court was also directed to send a copy of the order to the plaintiff, along with another four summons forms and four USM-285 forms. Filing 16. And the plaintiff was again ordered to, "as soon as possible, complete the USM-285 forms and the summons forms and return them to the Clerk of the court." Filing 16. The

Court's docket entry reflects that the order was "mailed to pro se party with 4 summons and 285 forms." Filing 16.

The plaintiff did not complete and return the forms, and he did not otherwise serve the defendants. So, on May 14, 2014, the Magistrate Judge ordered the plaintiff to show cause why the case should not be dismissed for failure to serve process or for want of prosecution. Filing 17. The plaintiff filed a response that was (and is) somewhat unclear. Filing 18. The plaintiff offered a detailed discussion of medical and financial issues that he said were affecting him, but did not explain how those issues had prevented him from completing service or complying with the Magistrate Judge's previous orders. Filing 18.

The Magistrate Judge, noting that the plaintiff had not explained his failure to complete and return the USM-285 and summons forms, recommended that the Court dismiss the plaintiff's complaint for want of prosecution. Filing 19. The plaintiff has filed a timely objection to the Magistrate Judge's findings and recommendation. Filing 20.

## DISCUSSION

The Magistrate Judge's findings and recommendation implicate two separate bases for dismissal: dismissal pursuant to Fed. R. Civ. P. 4(m) for failure to serve, and dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and to comply with a court order. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, under Rule 4(m), there is a two-part inquiry. First, if the Court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010). Second, even if the plaintiff fails to show good cause, the Court still *may* extend the time for service rather than dismiss the case, if the plaintiff establishes excusable neglect. *Id.*

First, the Court must determine whether good cause exists for the plaintiff's failure to serve the defendant within the 120-day deadline (not whether good cause exists for an extension). *Id.* at 958. In determining whether good cause exists, the Court must focus primarily on the plaintiff's reasons for not complying with the time limit in the first place. *Id.* Rule 4(m)

does not define good cause, and courts have not given conclusive meaning to the phrase. *Kurka,* 628 F.3d at 957. It does require, at least, good faith and some reasonable basis for noncompliance with the rules. *Id.* Among other things, good cause is likely (but not always) to be found when the plaintiff is proceeding pro se or in forma pauperis. *Id.* At its core, however, the standard of good cause is necessarily amorphous: whether or not it has been satisfied is largely dependent upon the facts of each individual case. *Id.*

In this case, however, there is almost nothing in the record to show why the plaintiff has not served the defendants. Nothing in the plaintiff's response to the Magistrate Judge's show cause order, or his objection to the Magistrate Judge's findings and recommendation, explain why he was unable to complete and return the forms for service that were provided to him. The plaintiff seems preoccupied with explaining his injuries as they relate to the amount in controversy, even though that issue was resolved in his favor last August. *See* filing 11. The plaintiff was asked to explain his repeated failure to fill out a handful of forms, and he has not done so.

The closest thing to such an explanation in the record accompanied the plaintiff's extension request back in February, in which he claimed he had not received the forms that were to have been sent to him nearly 6 months earlier. Filing 14. But the plaintiff had already missed one deadline and done nothing to pursue his case. It would have been reasonable, for instance, for the plaintiff to contact the Court about his purported failure to receive the forms or inability to log in to CM/ECF. Even a simple Google search for "USM 285" or "summons form" would have made the forms immediately available. But the plaintiff did none of that. *Compare, e.g., Lujano v. Omaha Pub. Power Dist.,* 30 F.3d 1032, 1034-35 (8th Cir. 1994).

Simply put, the plaintiff's explanation last February for why he had not served the defendants or returned service forms to the Court was not very persuasive then—and it carries no weight now. The Court also notes that even though the plaintiff obviously knew how to request an extension, he has not done so with respect to the deadline he has most recently missed. If the plaintiff had a good reason for missing that deadline, he could easily have asked for more time, but he did not. *See Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 521-22 (6th Cir. 2006).

The plaintiff points out that one of the defendants is a foreign corporation, and correctly notes that the 120-day deadline of Rule 4(m) does not apply to service in a foreign country. But because district courts need to be able to control their dockets, Rule 4(f) authorizes a without-prejudice dismissal when the Court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service. *Lozano v. Bosdet,* 693 F.3d 485, 489 (5th Cir. 2012); *Feliz v. MacNeill,* 493 Fed. Appx.

128, 131 (1st Cir. 2012). And a plaintiff can only invoke the international service exception to Rule 4(m) if he or she attempted to serve the defendant pursuant to the rules governing service in a foreign country as set forth in Rule 4(f). *See*, *Feliz*, 493 Fed. Appx. at 132; *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985); *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 665-66 (D. Vt. 1996). There is nothing to suggest that any such international service was attempted here.

Because the plaintiff's arguments are without merit, his objection (filing 20) to the Magistrate Judge's findings and recommendation will be overruled. But authority not cited by the plaintiff leads the Court to conclude, on its own motion, that good cause for noncompliance with Rule 4(m) exists as to the two Mitsubishi defendants. Because the plaintiff is proceeding in forma pauperis, he was entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). And pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). Accordingly, the Eighth Circuit has held that it is error for the Court to require a plaintiff to fill out service of process forms; the officers of the Court are required to complete those forms so long as the plaintiff has furnished "the information necessary to identify the defendant." *Moore*, 123 F.3d at 1084-85; *see Wright*, 710 F.3d at 783-84.[2] And so long as the plaintiff has provided the necessary information, the Marshals' failure to effect service is automatically good cause within the meaning of Rule 4(m) for failing to serve process. *Moore*, 123 F.3d at 1085-86; *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007).

Obviously, the plaintiff retains the obligation to provide the process servers with the necessary information and generally make diligent efforts. *Gonzalez*, 489 F. Supp. 2d at 184. But here, the plaintiff did provide names and business addresses for the two Mitsubishi defendants, on the summons forms he completed before initial review.[3] *See*, filing 6; filing 7. Accordingly,

---

[2] The Court is aware of authority suggesting that pursuant to Rule 4(c)(3), an in forma pauperis plaintiff must *request* service of the summons and complaint by court officers before those officers will be responsible for effective such service. *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1990). While the Ninth Circuit's reasoning is persuasive, and supported by the language of Rule 4(c)(3); the Court cannot reconcile it with the Eighth Circuit's clear holding in *Moore*. *See also Lujano*, 30 F.3d at 1035 n.4.

[3] The information provided by the plaintiff seems to be sufficient to at least *attempt* service. The Court is aware that a post office box may not be sufficient for service in California, *see* Cal. Civ. Proc. Code § 415.20(a), but it appears that the address provided is for the defendant's actual corporate offices, not a post office. Beyond that, the Court obviously

the Clerk of the Court will be directed to sign those two forms and forward them to the Marshal, along with copies of the plaintiff's amended complaint, and to complete and forward any other necessary forms, including the Marshals' forms USM-285 and USM-94.

But it is equally clear that the plaintiff has failed to provide the necessary information to identify two "unknown" insurance companies. *See* filing 9 at 1-2. The plaintiff has, therefore, failed to show good cause for his failure to serve those defendants. *See Gonzalez,* 489 F. Supp. 2d at 184.

Nor does excusable neglect warrant extending the service deadline as to the unidentified defendants. Such relief is warranted where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Kurka,* 628 F.3d at 959. In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith. *Id.* These factors do not bear equal weight, as the reason for delay is generally a key factor in the analysis, *see id.*, and as discussed above, the reason for delay in this case has not been explained. *See Peer v. Vilsack,* 2014 WL 2869710, at *2 (8th Cir. June 25, 2014).

The Court recognizes the possibility of prejudice based on the statute of limitations applicable in this case. *See* Neb. Rev. Stat. § 25-224. But that does not require the Court to extend the time for service, *Kurka,* 628 F.3d at 959, and it is all the more true where the plaintiff can offer no legitimate reason for the untimely service of process. *Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 613-14 (8th Cir. 2003). The Court finds that the failure to serve the unknown defendants was not due to excusable neglect, and the plaintiff's claims against them must be dismissed pursuant to Rule 4(m).[4]

---

cannot guarantee that the plaintiff's information will suffice. The plaintiff is cautioned that it is *his* responsibility to properly identify the defendants and where they can be served. *See, Gustaff v. MT Ultimate Healthcare,* 2007 WL 2028103, at *3 (E.D.N.Y. June 21, 2007); *Gonzalez,* 489 F. Supp. 2d at 184. If the defendants cannot effectively be served with process at the addresses the plaintiff has provided, the failure will be imputed to him, and his claims may still face dismissal pursuant to Rule 4(m). *Gray v. Rose,* 2009 WL 2132623, at *3 (S.D. Ohio July 10, 2009); *see, Gustaff,* 2007 WL 2028103, at *3; *Gonzalez,* 489 F. Supp. 2d at 184.

[4] Pursuant to Rule 4(m), the dismissal is without prejudice. But as noted, the Court recognizes that the claims may be time-barred and, thus, effectively dismissed with prejudice. The Court has weighed that possibility accordingly.

Furthermore, with respect to those two defendants, dismissal is also appropriate pursuant to Rule 41(b). *See, Boyle v. Am. Auto Serv.*, 571 F.3d 734, 742-43 (8th Cir. 2009); *Schooley v. Kennedy*, 712 F.2d 372, 373-74 (8th Cir. 1983). The plaintiff's statutory privilege to rely on the Marshals Service does not excuse his noncompliance with several orders and deadlines—particularly those intended to adduce the information needed to serve the remaining defendants. *See Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005); *compare Anderson v. United States*, 469 Fed. Appx. 507, 508 (8th Cir. 2012). Even pro se litigants must comply with relevant rules of the substantive and procedural law. *Schooley*, 712 F.2d at 373. The plaintiff received meaningful notice of what was required of him, *see id.*, and failed to provide it. Therefore, Rule 41(b) also warrants dismissal of the plaintiff's claims against the unknown insurers.[5]

Finally, the plaintiff is strongly cautioned that although his two primary claims seem to have survived his neglect of this case, that is solely because § 1915(d) confers a statutory privilege on in forma pauperis litigants with respect to *service of process*. If process is served, however, the plaintiff will be expected to comply with the relevant substantive and procedural rules and comply with the Court's deadlines and orders—and if his prosecution of the case continues to be as dilatory as it has been to this point, he could again potentially face dismissal pursuant to Rule 41(b). *See Schooley*, 712 F.2d at 373-74.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (filing 19) are adopted in part.

2. The plaintiff's objection (filing 20) is overruled.

3. The plaintiff's claims against two unknown insurance companies are dismissed without prejudice pursuant to Rules 4(m) and 41(b).

---

[5] The Court has considered whether the plaintiff's Mitsubishi claims should also be dismissed pursuant to Rule 41(b), despite the existence of good cause for his noncompliance with Rule 4(m). But *Moore* clearly states that it was *error* for the district court to order a plaintiff to complete process forms before the Marshals would effect service, and that dismissing the case based on his failure to do so was an abuse of the district court's discretion. 123 F.3d at 1085. The Court does not, therefore, believe that the Eighth Circuit would endorse the Court's use of Rule 41(b) to do what it could not do under Rule 4(m). *Cf. Anderson*, 469 Fed. Appx. at 508.

4. The Clerk of the Court is directed to sign filings 6 and 7, complete forms USM-285 and USM-94 and any other required forms, and forward them to the United States Marshals Service along with copies of the plaintiff's amended complaint (filings 9 and 9-1). The Marshals Service shall service the summonses and amended complaint without payment of costs or fees.

5. The Clerk of the Court shall set a case management deadline in this case for October 21, 2014, with the following text: "Check completion of service of summons."

Dated this 23rd day of July, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge