IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD M. HEYNE,<br><br>                    Plaintiff,<br><br>vs.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC., et al.,<br><br>                    Defendants. | 8:12-CV-421<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court on its own motion at the request of the Clerk of the Court, seeking clarification on international service of process. Pursuant to Fed. R. Civ. P. 4(f)(1), service may be accomplished by an internationally agreed means of service, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361 ("Hague Convention"). That convention was ratified by the United States in 1969 and Japan in 1970.

    The Hague Convention provides for service of a document by the central authority of the receiving country by a method prescribed by internal law or by a compatible particular method requested by the applicant. Hague Convention, art. 5, para. 1. Alternatively, "the document may always be served by delivery to an addressee who accepts it voluntarily." *Id.*, art. 5, para. 2. But if the document is to be served under paragraph 1, the central authority of the receiving country may require the document to be written in or translated into the official language of the state addressed. *Id.*, art. 5, para 3. Full translation is required by the Japanese central authority. *See* Hague Conference on Private International Law, Japan – Central Authority and Practical Information, http://www.hcch.net/index_en.php?act=authorities.details&aid=261 (last visited July 24, 2014).

    The plaintiff has obviously not provided the Court with a Japanese copy of the complaint. And there is no statutory provision or federal rule authorizing the United States government to pay for the costs of translation in a civil action between private parties. *Gomez v. Myers*, 627 F. Supp. 183, 186-87 (E.D. Tex. 1985); *see Fisch v. Republic of Poland*, 2007 Wl 3120274, at

*2 (S.D.N.Y. Oct. 23, 2007); *cf. Skudnov v. Russell,* 2009 WL 32846, at *1 (W.D. Ky. Jan. 5, 2009).

The Marshals Service form USM-94 (which is the U.S. version of the Hague Convention's model forms) requires the applicant to elect whether service is requested pursuant to paragraph 1 or paragraph 2 of article 5 of the Hague Convention. *See*, generally, United States Department of Justice Instructions for Serving Foreign Judicial Documents in the U.S. and Processing Requests for Serving American Judicial Documents Abroad, 16 I.L.M. 1331, 1336 (1977). But if service was requested pursuant to paragraph 1, the document would be returned with a request to provide the required translation, and service would not be effected. Therefore, the Court will direct the Clerk of the Court to request service pursuant to paragraph 2 of article 5. The defendant may then accept service voluntarily, and translation is not required. *See id.* But the plaintiff is informed: should the defendant *refuse* to accept service voluntarily, it will be the plaintiff's responsibility to provide the translated documents necessary to compel acceptance of service.

IT IS ORDERED:

1. The Clerk of the Court shall complete form USM-94 to request service by delivery to the addressee, if the addressee accepts it voluntarily.

2. The Clerk of the Court shall provide two copies of the completed USM-94, and two copies of the plaintiff's complaint (filings 9 and 9-1) to the United States Marshal.

3. The United States Marshal shall sign the duplicate USM-94 forms and mail the documents to the Japanese central authority by international air mail.

Dated this 24th day of July, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge