IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD M. HEYNE,<br><br>     Plaintiff,<br><br>vs.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC., et al.,<br><br>     Defendants. | 8:12-CV-421<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on defendant Mitsubishi Motors' Motion to Dismiss (filing 31). For the reasons explained below, the Court will grant the motion to dismiss.

  The procedural history of this case and the appropriate standard of review are set forth in the Court's previous Memorandum and Order (filing 28) granting the motion to dismiss (filing 25) filed by Mitsubishi Motors North America. The present motion to dismiss raises the same statute of limitations argument that the Court previously endorsed. *See* filing 32. The Court finds, for the reasons explained in its Memorandum and Order of September 16, 2014 (filing 28), that the plaintiff's claims against Mitsubishi Motors are also time-barred.

  The only new argument offered by the plaintiff in opposition to Mitsubishi Motors' statute of limitations defense is his contention that he

> believes to have suffered injuries from the accident that were not readily apparent at the time of the accident and have developed over time. Thus, the required medical support for the basis of the enhanced personal injuries has been too expensive or invasive, and are more research rather than "treatment" of the symptoms. It was the hopes of the Plaintiff to request a Court Order during discovery to correlate the developing symptoms to the accident, as those medical procedures are not covered under insurance.

Filing 33 at 2. As best the Court can tell, the plaintiff is trying to invoke the "discovery rule," which tolls a statute of limitation when a plaintiff does not discover an injury and could not have discovered an injury within the

applicable statute of limitations. *See Mandolfo v. Mandolfo*, 796 N.W.2d 603, 610 (Neb. 2011).

The discovery rule, however, applies when "the injury is not obvious *and the individual is wholly unaware that he or she has suffered an injury or damage*." *Shlien v. Bd. of Regents*, 640 N.W.2d 643, 650 (Neb. 2002) (emphasis in original). And it is not necessary that a plaintiff have knowledge of the exact nature or source of a problem in order to "discover" an injury—a plaintiff need only know that a problem existed. *See Guinn v. Murray*, 837 N.W.2d 805, 817 (Neb. 2013). A limitation period may begin to run even though the full nature and extent of the damages are not known. *Reinke Mfg. Co., Inc. v. Hayes*, 590 N.W.2d 380, 390 (Neb. 1999). Here, the plaintiff alleges that he suffered injuries at the time of his accident. *See* filing 9 at 2-3. Accordingly, the statute of limitations on his claim was not tolled, even if the full extent of his alleged injuries was unknown.

## CONCLUSION

The plaintiff's complaint in this case does not state an actionable claim for relief because his claims are, on their face, time-barred.[1] The plaintiff has offered no basis to conclude otherwise. Therefore, his claims against Mitsubishi Motors will be dismissed with prejudice.[2]

IT IS ORDERED:

1. Mitsubishi Motors' Motion to Dismiss (filing 31) is granted.

2. The plaintiff's claims against Mitsubishi Motors are dismissed with prejudice.

---

[1] Mitsubishi Motors argues, in passing, that it was not properly served with process, because it "did not and has not received a proper summons compliant with" Fed. R. Civ. P. 4(a). Filing 32 at 4. But the return of service filed with the Court (filing 30) reveals no obvious shortcoming, nor has Mitsubishi Motors pointed out any particular deficiency to the Court. Accordingly, the Court finds nothing to rebut the presumption that the return of service is valid. *See Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir. 1955); *see also*, *SEC v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1162-63 (9th Cir. 2007); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1397-98 (7th Cir. 1993); *cf. Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986).

[2] The plaintiff asks that his claims, if they are to be dismissed, be dismissed without prejudice. Filing 33 at 2. But as the Court has previously noted, dismissal with prejudice is appropriate where a statute of limitations bars the plaintiff's claims. *See Bell v. Missouri*, 253 Fed. Appx. 606, 606 (8th Cir. 2007) (citing *Botten v. Shorma*, 440 F.3d 979, 980–81 (8th Cir. 2006)); *cf. Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013).

3.  A separate judgment will be entered.

Dated this 30th day of January, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge